IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS HOLLIDAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:11-cv-00314-WDS-PMF |
| VIRTUOSO SOURCING GROUP, LLC | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendant, Virtuoso Sourcing Group, LLC ("VSG"), by and through its attorneys, Messer & Stilp, Ltd., and pursuant to Federal Rule of Civil Procedure 12(b)(6), requests that this Court enter an Order dismissing Plaintiff's Complaint for failure to state a claim upon which relief may be granted, and, in support thereof, states as follows:

### I.   Introduction

Plaintiff filed the instant action against Defendant for violations of 15 U.S.C. § 1692(d), (d)(5), (e), and (e)(10) (the "FDCPA"). Plaintiff supports these alleged violations by alleging two core facts. First, that Defendant called Plaintiff "upwards of two times per day" to collect a debt. *See* Plaintiff's Complaint attached as Exhibit A, ¶17. Second, that Defendant stated in a conversation that Plaintiff "would" pay the debt with his tax return instead of that Plaintiff "would try" to pay the debt with his tax return. *See* Exhibit A, ¶14 and ¶20. From these bare bones, Plaintiff alleges a myriad of FDCPA allegations. However, since Plaintiff has failed to meet the plausibility pleading standard articulated in *Twombly*, Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Applicable Provisions of the FDCPA

<u>15 U.S.C. §1692d.</u> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

<u>15 U.S.C. §1692d(5)</u>. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

<u>15 U.S.C. §1692e.</u> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

<u>15 U.S.C. §1692e(10).</u> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

## II.     Standard Under Federal Rule 12(b)(6)

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court held that the factual allegations in a complaint must move beyond the mere possibility of the existence of a cause of action to establish plausibility of entitlement to relief. *See Id.* at 557-558. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court reiterated *Twombly's* requirement that to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." The *Iqbal* Court further elaborated on the "plausibility standard" stating:

> "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."

*Id.* at 1949 (internal citations and quotations omitted). The *Iqbal* Court explained that the determination of whether a complaint states a plausible claim for relief is a context specific task requiring the reviewing court to draw on its judicial experience and common sense. *Id.* at 1950. As the 7th Circuit recently explained, "the plaintiff must give enough details about the subject matter of the case to present a story that holds together.

### III. Argument

#### A. Plaintiff has failed to allege facts to support a violation of 1692d, 1692d(5).

Where the plaintiff in an FDCPA action does nothing more than "plead the elements of the statute," he or she has failed to state a plausible claim for relief. *Clemente v. IC System, Inc.*, 2010 U.S. Dist. LEXIS 108563, at *4 (E.D. Cal. September 29, 2010). Particularly, alleging that a Defendant "constantly and continuously places collection calls" or that a plaintiff "failed to provide meaningful disclosure" is not enough to overcome a motion to dismiss under 12(b)(6). *See, Id.* at *4-5 (granting defendant's motion to dismiss where the plaintiff alleged that defendant "cause[d] a telephone to ring repeatedly and continuously with intent to annoy, abuse and harass [plaintiff]" and "constantly and continually places collection calls to [plaintiff] seeking and demanding payment for an alleged debt"); *McVey v. Bay Area Credit Serv.*, 2010 WL 2927388, at *1 (N.D. Tex. July 26, 2009) (granting defendant's motion to dismiss where plaintiff alleged that "[d]efendant often calls [p]laintiff multiple times per week"); *Amaya v. Pollack & Rosen, P.A.*, 2010 U.S. Dist. LEXIS 16732 (S.D. Fla. February 25, 2010) (granting a motion to dismiss plaintiff's §1692d(5) claim where plaintiff's only relevant allegations were that "[d]efendants violated FDCPA §1692d(5) by causing the telephone to ring repeatedly and continuously with the intent to annoy, abuse and/or harass [p]laintiff"). In a common sense approach, Courts have recognized that a defendant should not be expected to craft a responsive pleading to an FDCPA

3

action where the plaintiff has failed to allege the date or contents of even one call that defendant allegedly made. *Id.*; *Gorman v. Wolpoff & Abramson, LLP*, 370 F.Supp.3d 1005, 1013 (N.D. Cal. 2005).

Here, Plaintiff alleges that Defendant called "upwards of two times per day". *See* Exhibit A, ¶13. A debt collector does not necessarily engage in harassment by placing one or two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages. *See, Udell v. Kansas Counselors, Inc.*, 313 F. Supp.2d 1135, 1143-44 (D. Kan. 2004) (four telephone calls in seven days without leaving a message did not fall within the conduct prohibited by [Section 1692(d)(5)]). The Middle District of Florida recently ruled that a much higher concentration of calls did not constitute harassment as a matter of law. *Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301 (M.D.Fla. 2010). In *Tucker*, the plaintiff alleged that he was subjected to multiple telephone calls a day from defendant. *Id.* at 1303. Specifically, plaintiff received 57 calls from defendant, but never more than seven calls on a given day. *Id.* The court concluded that the volume of calls alone was insufficient to demonstrate that defendant engaged in oppressive conduct. *Id.* Plaintiff's bare factual allegation that Defendant called "upwards of two times per day" from a particular phone number lacks any shred of factual detail. *See* Exhibit A, ¶17. Akin to the Plaintiffs in the cases cited *supra*, Plaintiff has done nothing more than plead conclusory allegations that simply do not meet the "plausibility" standard promulgated by the Supreme Court. As the *Gorman* Court explained, Defendant cannot be expected to draft a responsive pleading when Plaintiff cannot even allege the date or contents of even one call that defendant allegedly made. *Gorman*, 370 F.Supp.3d at 1013 (N.D. Cal. 2005). Accordingly, Plaintiff has

failed to state a claim upon which relief may be granted and Plaintiff's Complaint should be dismissed.

### B. *Plaintiff has failed to allege facts to support a violation of 1692e or 1692e(10).*

The FDCPA prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," *Miller v. NCO Portfolio Mgmt.*, 2010 U.S. Dist. LEXIS 64667, 2-3 (S.D. Ind. June 28, 2010); 15 U.S.C. § 1692e. For purposes of § 1692e, a statement by a debt collector is "false if it is false in a technical sense and if it would confuse the unsophisticated consumer. *Wahl v. Midland Credit Management, Inc*, 556 F.3d 643, 646 (7th Cir. 2009). "Despite the apparent categorical nature of that prohibition, only material misrepresentations count." *Miller,* 2010 U.S. Dist. LEXIS 64667 at 2-3 (emphasis added) (Citing *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009)). "The statute is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if that statement is correct) nor undermines it (if the statement is incorrect)." *Hahn,* 557 F.3d at 757-58. "If a statement would not mislead the unsophisticated consumer, it does not violate the [Act]—even if it is false in some technical sense." *Id.* The "unsophisticated consumer" may be "uninformed, naïve, [and] trusting," *Veach v. Sheeks,* 316 F.3d 690, 693 (7th Cir. 2003), but she has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences," *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir. 2000).

Plaintiff's only claim that could possibly relate to his assertion that Defendant made false, deceptive or misleading representations is found in paragraphs 14 and 20. The alleged falsehood here is that, whereas Defendant allegedly stated that plaintiff "would" make payments when he

failed to state a claim upon which relief may be granted and Plaintiff's Complaint should be dismissed.

### B. *Plaintiff has failed to allege facts to support a violation of 1692e or 1692e(10).*

The FDCPA prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," *Miller v. NCO Portfolio Mgmt.*, 2010 U.S. Dist. LEXIS 64667, 2-3 (S.D. Ind. June 28, 2010); 15 U.S.C. § 1692e. For purposes of § 1692e, a statement by a debt collector is "false if it is false in a technical sense and if it would confuse the unsophisticated consumer. *Wahl v. Midland Credit Management, Inc*, 556 F.3d 643, 646 (7th Cir. 2009). "Despite the apparent categorical nature of that prohibition, only material misrepresentations count." *Miller,* 2010 U.S. Dist. LEXIS 64667 at 2-3 (emphasis added) (Citing *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009)). "The statute is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if that statement is correct) nor undermines it (if the statement is incorrect)." *Hahn,* 557 F.3d at 757-58. "If a statement would not mislead the unsophisticated consumer, it does not violate the [Act]—even if it is false in some technical sense." *Id.* The "unsophisticated consumer" may be "uninformed, naïve, [and] trusting," *Veach v. Sheeks,* 316 F.3d 690, 693 (7th Cir. 2003), but she has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences," *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir. 2000).

Plaintiff's only claim that could possibly relate to his assertion that Defendant made false, deceptive or misleading representations is found in paragraphs 14 and 20. The alleged falsehood here is that, whereas Defendant allegedly stated that plaintiff "would" make payments when he

received his tax return, Plaintiff really stated that he "would try" to make payments after he received his tax returns. *See* Exhibit A, ¶14 and ¶20. Plaintiff clearly remembers what he said, as he alleges it in his Complaint. Accordingly, because he remembers it was different from what Defendant allegedly represented that he said, Plaintiff could not have been deceived or mislead by Defendant's alleged statement. An unsophisticated consumer would also not be mislead in this situation, since Defendant's alleged attempted deception was about something Plaintiff himself had said on the phone. As the Court stated in *Pettit*, the unsophisticated consumer is capable of making basic logical deductions and inferences. *Pettit*, 211 F.3d at 1060.

Moreover, even if Defendant's alleged statement was considered deceptive, it would still not be material as required in *Hahn*, 557 F.3d at 757 (7th Cir. 2009). In this case, Defendant's alleged misrepresentation regarding Plaintiff's own prior statement does nothing to affect Plaintiff's ability to choose intelligently. Thus, according to *Veach*, Plaintiff has clearly failed to plead a violation of Section 1692(e) or (e)(10). 316 F.3d at 693. Accordingly, his claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendant, Virtuoso Sourcing Group, LLC, respectfully requests this Court enter an order dismissing Plaintiff's Complaint against Virtuoso Sourcing Group, LLC with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

VIRTUOSO SOURCING GROUP, LLC

By: /s/ Joseph Messer
Attorney # 6200036
Attorney for Defendants
Messer & Stilp, Ltd., #36703
166 W. Washington, Suite 300

Chicago, IL 60602
(312) 334-FIRM (3476)
(312) 334-3404 (Fax)
messer@messerstilp.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2011, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the following:

       Adam Theodore Hill
       Krohn & Moss, Ltd.
       120 West Madison Street
       10th Floor
       Chicago, IL 60602
       ahill@consumerlawcenter.com

**By:** /s/ Joseph S. Messer
    Attorney # 6200036
    Attorney for Defendants
    Messer & Stilp, Ltd., #36703
    166 W. Washington, Suite 300
    Chicago, IL 60602
    (312) 334-FIRM (3476)
    (312) 334-3404 (Fax)
    messer@messerstilp.com