# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS HOLLIDAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11-cv-314-JPG-PMF |
| | ) | |
| VIRTUOSO SOURCING GROUP, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Virtuoso Sourcing Group, LLC's ("Virtuoso") motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8). Plaintiff Dennis Holliday has responded to the motion (Doc. 12).

**I.**      **Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

**II.     Facts**

Holliday's complaint alleges the following relevant facts. In an attempt to collect a debt it believed Holliday owed, Virtuoso called Holliday multiple times beginning in January 2011. Holliday told Virtuoso he *would try to make a payment* after he received his tax refund. The

calls abated, but in March 2011, Virtuoso began calling Holliday "upwards of two times per day." Holliday answered some of those calls and told Virtuoso he could not pay at the time. In at least one call, Virtuoso told Holliday that he had said he would make a payment after he received his tax refund.

Holliday brings this suit under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* He claims Virtuoso intended to harass, oppress or abuse him in violation of 15 U.S.C. § 1692d and used false, deceptive or misleading representations in violation of 15 U.S.C. § 1692e. He seeks statutory damages as well as attorney's fees and costs. Virtuoso asks the Court to dismiss Holliday's claims because they do not plausibly suggest Holliday is entitled to relief.

## III. Analysis

### A. Conduct to Harass, Oppress or Abuse

The FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, including but not limited to "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," 15 U.S.C. § 1692d(5).

Holliday's allegations do not plausibly suggest a violation of 15 U.S.C. § 1692d. He alleges that Virtuoso called him at least two times a day beginning in March 2011, but he does not allege any facts relating to the circumstances of those calls. As Holliday notes in his response, there is no bright line rule for how many calls are sufficient to infer an intent to harass, oppress or abuse. Resp. at 6 (quoting *Young v. Asset Acceptance, LLC*, No. 3:09-CV-2477-BH, 2011 WL 1766058 at *3 (N.D. Tex. May 10, 2011)). Indeed, the Court can imagine scenarios

3

where such a pattern would constitute abuse (e.g., calling daily in the middle of the night and letting the phone ring for hours on end or hanging up when the call is answered) and where it would not (e.g., calling in the morning, letting it ring a reasonable number of times without being answered, and calling again in the evening, letting it ring a reasonable number of times without being answered, and then trying again the next day until contact with the debtor is made), *see, e.g., Saltzman v. I.C. Sys.*, No. 09 10096, 2009 WL 3190359 at *7 (E.D. Mich. Sept. 30, 2009) (finding circumstances could suggest difficulty of reaching plaintiff as opposed to harassment).

Holliday's allegations do not plausibly suggest that Virtuoso's conduct more closely resembled the former, as opposed to the latter, example or that any other circumstances surrounding the calls show their natural consequence was to harass, oppress or abuse. However, because the Court believes he may be able to allege facts sufficient to plausibly suggest an abusive calling pattern or practice, the Court will dismiss Holliday's claims based on 15 U.S.C. § 1692d without prejudice and will allow him to replead his claim. Holliday need not plead great detail, but he must say enough to plausibly suggest the calls constituted "conduct the natural consequence of which is to harass, oppress, or abuse." 15 U.S.C. § 1692d.

    B.    <u>False, Deceptive or Misleading Representation</u>

The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including but not limited to "us[ing] any false representation or deceptive means to collect or attempt to collect any debt . . . ," 15 U.S.C. § 1692e(10).

Whether a communication from a debt collector violates the FDCPA's prohibition on false, deceptive or misleading representations is viewed from the perspective of the "unsophisticated consumer." *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th

4

Cir. 2009). The Seventh Circuit Court of Appeals has described the "unsophisticated consumer" as follows:

> The "unsophisticated consumer" isn't a dimwit. She may be "uninformed, naive, [and] trusting," *Veach v. Sheeks,* 316 F.3d 690, 693 (7th Cir. 2003), but she has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences," *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir. 2000).

*Id.* Even if a statement is technically false, unless it would mislead or confuse the reasonable unsophisticated consumer, it does not violate the FDCPA. *Id.* at 656 (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

A corollary to this rule is that any false statement must be material before it will support a violation of the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). "The statute is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." *Id.* at 757-58. Any immaterial misstatement would not mislead or confuse the reasonable unsophisticated consumer. *Id.* at 758.

Holliday has not alleged any material misrepresentation that would mislead or confuse the reasonable unsophisticated consumer. He argues that Virtuoso represented that he said he would *make* a payment when he received his tax refund when actually he said he would *try to make* a payment at that time. A reasonable unsophisticated consumer would know what he had said on an earlier occasion and that he had not promised to pay at a certain time. The unsophisticated consumer knows what a promise is and knows whether he has made one; he would not be confused or misled by a debt collector's statement about a prior conversation that differs from his own memory based on his own personal knowledge. Furthermore, whether Holliday said he would *make* a payment or merely would *try to make* a payment is not

5

information that would help him choose intelligently how to respond to the efforts to collect his original debt.  Thus, under *Hahn*, any misrepresentation about what Holliday had said in a prior phone call is not material and cannot support an FDCPA violation.

For these reasons, Virtuoso's misrepresentation of Holliday's prior statement did not violate 15 U.S.C. § 1692e as a matter of law.  Therefore, the Court will dismiss Holliday's claims based on 15 U.S.C. § 1692e with prejudice.

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS** Virtuoso's motion to dismiss (Doc. 8). Holliday's claim alleging violations of 15 U.S.C. §§ 1692d and 1692d(5) is dismissed **without prejudice**;  he shall have up to and including November 18, 2011, to file an amended complaint repleading that claim.  Holliday's claim alleging violations of 15 U.S.C. §§ 1692e and 1692e(10) is dismissed **with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  November 4, 2011**

s/J. Phil Gilbert
**United States District Judge**