## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| DENNIS HOLLIDAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-cv-00314-WDS-PMF |
| ) | |
| VIRTUOSO SOURCING GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Plaintiff, DENNIS HOLLIDAY ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., and for his AMENDED COMPLAINT against Defendant, VIRTUOSO SOURCING GROUP, LLC ("Defendant") alleges and states:

### INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in Illinois; therefore, personal jurisdiction is established. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Vandalia, Fayette County, Illinois, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

7.  Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Aurora, Colorado.

8.  Defendant is a collection business that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

9.  In or around January of 2011, Defendant began placing calls to Plaintiff, apparently in connection with the collection of an alleged debt owed to Verizon Wireless.

10.  Defendant called Plaintiff from 800-452-8139, and possibly other numbers also.

11.  In an attempt to resolve the purported debt, soon after calls began Plaintiff told Defendant he would try to make some payment when he received his income tax return.

12.  At that point, Defendant ceased or diminished the frequency of its calls to Plaintiff for a short time.

13.  Soon thereafter, around the beginning of March of 2011, Defendant resumed its collection calls to Plaintiff.

14.  After resuming the calls, Defendant would now regularly call Plaintiff typically twice per day.

15.  Plaintiff informed Defendant that, due to severe financial hardship, he is unable to

pay any amount on the debt whatsoever at this time.

16. Defendant's representative, one "Shawna," told Plaintiff that, if payment was not promptly made, Plaintiff will end up owing a larger sum to another collection agency.

17. Despite the aforementioned, Defendant continued to call Plaintiff upwards of two times per day, seeking and demanding payment.

18. Defendant would continue to call Plaintiff – twice per day every day – while knowing Plaintiff cannot pay any amount on the debt whatsoever.

19. While Defendant's repetitive, recurring, and tiresome calls continued, Plaintiff could only surmise that Defendant was attempting to coerce, intimidate, or harass Plaintiff into paying.

**COUNT I:**
**DEFENDANT VIOLATED THE FAIR DEBT**
**COLLECTION PRACTICES ACT**

20. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person called at that number.

WHEREFORE, Plaintiff, DENNIS HOLLIDAY, respectfully requests judgment be entered against Defendant, VIRTUOSO SOURCING GROUP, LLC, for the following:

21. Statutory damages of $1,000.00, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

23. Any other relief this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: */s/ Adam T. Hill*
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St. Fl. 3r
Chicago, IL 60602
(312) 578-9428
ahill@consumerlawcenter.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I certify that on November 17, 2011, I filed the foregoing with the Clerk of the District Court via the Court's CM/ECF system, which will electronically send notification of such filing to the following:

Ms. Nicole Strickler
Messer & Stilp, Ltd.
166 W. Washington, Ste.300
Chicago, IL 60602
strickler@messerstilp.com

Mr. Joseph S. Messer
Messer & Stilp, Ltd.
166 W. Washington, Ste.300
Chicago, IL 60602
messer@messerstilp.com

                                        By: */s/ Adam T. Hill*
                                        Adam T. Hill